UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUZ TRUJILLO,
   Plaintiff,

-vs-              Case No. 6:06-cv-1155-Orl-18UAM

SUPERIOR HOTELS, INC. d/b/a Clarion
Hotel & Conference Center,
UDAY PARMER,
   Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

  This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 27)** |
| **FILED:** | May 16, 2007 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.  PROCEDURAL HISTORY

  On August 4, 2006, Plaintiff Luz Trujillo filed her complaint in this action, seeking to hold Defendants Superior Hotels, Inc. d/b/a Clarion Hotel & Conference Center ("Superior") and Uday Parmer liable for failing to pay her overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Doc. No. 1. According to the complaint, Parmer

is the "owner and/or officer" of Superior, and Superior and Parmer failed to pay Plaintiff overtime for her work as a housekeeper from June 2005 through September 11, 2005. *Id.* ¶¶ 4, 8, 11.

Plaintiff effected service on Superior by serving a copy of the summons and complaint on James L. Reinman, Superior's Registered Agent, on October 24, 2006. Doc. No. 6. With no answer or other appearance by Superior, Plaintiff requested entry of default against Superior, which the Clerk entered on December 14, 2006. Doc. Nos. 9, 10.

Plaintiff had difficulty effecting service on Parmer, and therefore requested an extension of time to file her motion for default judgment against Superior. Doc. No. 18. On February 20, 2007, the Court granted an extension and ordered Plaintiff to file her motion for default judgment against Superior on or before April 6, 2007. Doc. No. 19. After receiving two extensions of time to serve Parmer, Plaintiff effected service on Parmer on February 28, 2007. *See* Doc. Nos. 15, 17, 20.

On April 17, 2007, Plaintiff filed a late motion for extension of time to file her motion for default judgment against Superior. Doc. No. 21. According to Plaintiff, her counsel and "Defendant" were in "settlement negotiations and strongly believe that this matter can be resolved." *Id.* at 2. The Court denied Plaintiff's motion, "no excusable neglect [for the late motion] having been shown," but ordered Plaintiff to file and serve her motion for default judgment against Superior **on or before May 11, 2007**. Doc. No. 22.

**On May 15, 2007**, Plaintiff filed her motion for entry of Clerk's default against Parmer, and the Clerk entered default the following day. Doc. Nos. 25, 26. Also **on May 16, 2007**, Plaintiff filed her motion for default judgment against Superior and Parmer (now before the Court). Doc. No. 27. Plaintiff seeks a judgment against Superior and Parmer jointly and severally in the amounts of $840

for unpaid overtime wages, $840 for liquidated damages, and $3,220.50 in attorney's fees and costs as the prevailing party in an FLSA action. *Id.* at 5.

Plaintiff's counsel mailed the motion to Superior and Parmer "c/o James Reinman, Esq. [Superior's Registered Agent], 1825 Riverview Drive, Melbourne, Florida 32901" on May 16, 2007. *Id.* at 6. Superior and Parmer have not answered or responded to the complaint; filed a memorandum in opposition to the motion for default judgment; or otherwise appeared in this action.

## II. TIMELINESS

Under Federal Rule of Civil Procedure 6(b), the Court may extend the time for filing the motion for costs "where the failure to act was the result of excusable neglect..." Fed. R. Civ. P. 6(b). Plaintiff's motion for default judgment against Superior was untimely, and Plaintiff's counsel did not provide excusable neglect for the late motion. Plaintiff, however, seeks default judgment against both Superior and Parmer jointly and severally, and the Court must avoid the possibility of inconsistent judgments whenever possible. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). Therefore, in the interest of avoiding an inconsistent judgment, and in the absence of any objection by Defendants, the Court should exercise its discretion and allow the late filing of the motion against Superior.[1]

---

[1] The Court also notes that case law suggests a flexible definition of "excusable neglect." In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), the United States Supreme Court established a flexible analysis of "excusable neglect" in relation to Bankruptcy Rule which also requires a showing of "excusable neglect." The Supreme Court held that an attorney's inadvertent failure to file a proof of claim can constitute excusable neglect, and in interpreting the plain meaning of the phrase "excusable neglect," the Court concluded that "Congress plainly contemplated that the courts would be permitted, [when] appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388; *see also Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322 (11th Cir. 1996) (remanding the case to the district court to apply the *Pioneer* standard to the "excusable neglect" requirement of Fed. R. App. P. 4(a)(4)).

-3-

## III. DEFAULT JUDGMENT

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Where a plaintiff's claim is not for a sum certain, the "party entitled to a judgment by default shall apply to the court therefor . . ." Fed. R. Civ. P. 55(b)(2).

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F.Supp. 897, 899 (N.D. Ga.1988). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987), *citing Nishimatsu*, 515 F.2d at 1206.

### A. FLSA Claim

#### 1. Liability

To establish a claim for payment of overtime wages under the FLSA, Plaintiff must establish the following: (1) that she was employed by Superior and Parmer during the time period involved; (2) that she was engaged in commerce or production of goods for commerce; and (3) that Superior and Parmer failed to pay her overtime wages required by law. ELEVENTH CIRCUIT PATTERN JURY

-4-

INSTRUCTIONS – CIVIL 1.7.1 (2005). By defaulting, Superior admits that it employed Plaintiff during the relevant time period; that it was an employer as defined by the FLSA; that it was an enterprise "engaged in commerce" or that Plaintiff was "engaged in commerce" as defined by the FLSA; and that it failed to pay Plaintiff overtimes wages as required by the FLSA. *See* Doc. No. 1 at ¶¶ 4-7, 11 (complaint). These admissions are sufficient to establish that Superior is liable to pay Plaintiff the overtime wages she is owed for his work.

In addition, where a plaintiff seeks to hold a corporate officer liable as an employer,"[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986) (quotation omitted). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638. By defaulting, Parmer admits that he was the "owner and/or officer" of Superior and that he was "substantially in control of the terms and conditions of Plaintiff's work." Doc. No. 1 at ¶¶ 8-9. Accordingly, Defendants Superior and Parmer are jointly and severally liable to Plaintiff for unpaid overtime wages.

### 2. Damages

Under the FLSA, Superior and Parmer were required to compensate Plaintiff for one and one-half times her regular rate for all hours worked in excess of forty hours per work week. *See* 29 U.S.C. § 207(a).[2] In her affidavit submitted in support of her motion for default judgment, Plaintiff avers that

---

[2] 29 U.S.C. § 207(a)(1) states that "no employer shall employ any of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours unless such employee received compensation ⋯ at a rate no less than one and one-half times the regular rate."

Case 6:06-cv-01155-GKS-UAM Document 28 Filed 07/02/07 Page 6 of 10 PageID 65

between June 2, 2005 and September 12, 2005, she worked ten hours of overtime per week for fourteen weeks for a total of 140 overtime hours. Doc. No. 27-3 at ¶¶ 3-4. She also avers that her regular hourly rate was $12 per hour, and that she is therefore owed $840 in unpaid overtime wages. Superior and Parmer have defaulted and apparently do not oppose the instant motion for default judgment. The Court therefore finds that Plaintiff's affidavit is sufficient evidence to show the amount and extent of the work she performed.

### 3. Liquidated Damages

By defaulting, Superior and Parmer also admit that they acted willfully in failing to pay Plaintiff the statutorily required overtime wages and minimum wage for hours worked. *See* Doc. No. 1 at ¶ 11. When, as here, the defendants defaulted on their defense that the failure to pay the wages owed was in good faith, the court must also require the employer to pay liquidated damages in an additional amount equal to the unpaid overtime compensation. 29 U.S.C. §§ 216(b),260. Accordingly, Defendants are liable, jointly and severally, to pay Plaintiff the amount of unpaid overtime compensation owed to him, $840, as liquidated damages.

### B. Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s]...and costs" is mandatory under § 216(b) if the employer is held liable. Although the Court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the Court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). The district court may

adjust the lodestar to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir.1988).

The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *Hensley*, 461 U.S. at 433. Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman*, 836 F.2d at 1299. Throughout the calculation of the lodestar, the Court remains cognizant that it is itself an expert on the question, and may consider the request in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation. *Norman*, 836 F.2d at 1303.

Plaintiff seeks attorneys' fees in the amount of $2,790 and $430.50 in costs. Doc. No. 27-2 at 2. Plaintiff's attorneys, Konstantine Pantas and Charles Scalise, claim that they expended 4.3 hours and 5.0 hours, respectively, at an hourly rate of $300. *Id.* In support of the request for fees and costs, attorney Pantas submitted an affidavit in which he describes the attorneys' backgrounds and experience; attests to the amount of costs expended; and includes an itemized time sheet. *See id.*

The $300 hourly rate appears excessive. As discussed above, Plaintiff's counsel filed two motions late, and if an appropriate objection had been raised regarding the instant motion, the motion might have been denied as untimely. In other FLSA cases, the district court has previously determined that a reasonable rate for the services of Pantas and Scalise, considering the Orlando legal market, is $250.00 per hour. *See, e.g., Reyes v. Falling Star Ent., Inc.*, 2006 WL 2927553, *3 (M.D.Fla. Oct.12,

2006).³ Therefore, the Court – acting as its own expert and considering the Orlando legal market, awards in similar cases, and the quality of work performed in this case – finds that an hourly rate of $250.00 for work performed by Pantas and Scalise is appropriate in the absence of objection.

The hours requested are also excessive. According to Pantas' itemized time sheet, he spent 0.4 hours preparing Plaintiff's second motion for extension of time (at doc. no. 21) and reviewing the order denying the motion (at doc. no. 22). *See* Doc. No. 27-2 at 3. Pantas also expended 2.8 hours preparing the instant motion for default judgment and affidavits in support of the motion. *See id.* Both of these motions were filed late, and counsel failed to offer excusable neglect for the tardy filings. The Court should not award fees for work performed in violation of Court orders, and accordingly, the undersigned recommends that Pantas' hours be reduced from 4.3 to 1.1 hours. Plaintiff should therefore receive an attorneys' fees award of $1,525 for 6.1 hours at an hourly rate of $250.

Plaintiff also seeks an award of costs in the amount of $430.50 for reimbursement for the filing fee ($350) and for the costs of serving process in this case ($80.50 total for the cost of effecting service on Superior and Parmer). *Id.* at 2. These costs are properly taxable pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1920, and should be awarded in the amount requested. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir.1988) (holding that in FLSA cases, courts may award as costs those expenses permitted by § 1920).

---

³ Pantas cites *Mary Coon v. The Palm Motel, Inc. et al*, Case No. 6:05-cv-47-Orl-28DAB for the proposition that an hourly rate of $300.00 is appropriate. In *Mary Coon*, however, the parties agreed to settle the case and jointly sought approval of the settlement agreement, which included a payment of $2,000 for attorneys' fees and costs. *See Mary Coon*, Doc. No. 30. The Court discussed attorney Scalise's "typical hourly rate [of] $300" and stated that "[t]he amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case." *Id.* at 2. Because the *Mary Coon* case involved a settlement and a stipulation as to the reasonableness of the fees, the undersigned finds that it is inapplicable to the instant case.

## IV.   CONCLUSION

Accordingly, for the reasons stated above, it is **RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment (Doc. No. 27) be **GRANTED**, in part, and **DENIED**, in part. The Clerk should be directed to enter default judgment against Defendants Superior Hotels, Inc. d/b/a Clarion Hotel Conference Center and Uday Parmer on Plaintiff's FLSA claims for unpaid overtime with Defendants Superior Hotels, Inc. d/b/a Clarion Hotel Conference Center and Uday Parmer to pay Plaintiff damages, jointly and severally, for the following: $840 in unpaid overtime wages, $840 in liquidated damages for the unpaid overtime wage claim, $1,525 in attorneys' fees, and $430.50 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July ___, 2007.

Donald P. Dietrich
United States Magistrate Judge

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party
Courtroom Deputy

Superior Hotels, Inc. d/b/a Clarion Hotel & Conference Center
James L. Reinman, Registered Agent
1825 Riverview Drive
Melbourne, Florida 32901

Uday Parmer
3835 McCoy Road
Orlando, Florida 32812

Uday Parmer
1051 Winderly Place
Maitland, Florida 32751